### STATE, ex rel v STAFFORD

Ohio, Appeals, 2nd Dist, Greene Co

No 360. Decided Dec 17, 1931

Herbert Mills, Marcus Shoup for plaintiff.

Marshall & Marshall for defendant.

### BY THE COURT

From the pleadings and evidence the court finds that the Board of Education of Beaver Creek Township, Greene County, Ohio, consisted normally of five members; that George M. Shank resigned and his resignation was duly accepted on July 25, 1931 and at the next meeting, towit, on July 31, 1931, the said Edward Stafford was voted for as a member of said Board and received two affirmative votes and one member voted "Nay". Thereafter the said Edward Stafford at the same meeting duly took the oath of office and was inducted into the membership of said Board; that there was no objection to the taking of the oath of office and the induction; that said Stafford was duly recognized by said Board as a member and continued to attend all the meetings of said Board up to and including November 7, 1931. Said meeting was a called meeting but did not contain any notice that a member of said Board was to be elected at said meeting. After the conclusion of all the business mentioned in the

call, a motion was made for the election of Erith N. Shoup as a member of said board and he received three votes. Shoup did not on said date take the oath of office nor until on November 14, 1931. He did not assume the position of a member of the Board of Education and was never recognized by the other members of said Board; but that Stafford continued to serve as a member of the Board. There is a distinction between an appointment by an outside authority and one by the body in which he serves as a member. Under these facts and circumstances we are of opinion that Stafford continues to be a member of said Board, at least as defacto member. We therefore hold that the petition in quo warranto must be dismissed. Judgment accordingly.

ALLREAD, PJ and KUNKLE, J, concur.

HORNBECK, J, dissenting.

Appreciating that this cause needs a decision more than an opinion, I shall briefly state my reasons for dissenting from the majority without extended citation of authority.

At the outset, it should be stated that the question here presented is one strictly at law. The court has no equitable powers and, of course, makes no determination of the propriety of the actions of the Board in the controversy, no comparison of the respective qualifications of the claimants to the office, and no criticism of their position in this cause.

Upon the resignation of Mr. Shank there were but four remaining members of the Board. At the meeting at which Mr. Stafford's name was proposed and vote taken upon his appointment to fill the vacancy but three of the four members were in attendance. Two of these voted for Mr. Stafford and one against him. Thus, it is evident that although he had a majority of those present, he did not have a majority of the remaining members of the Board. To legally elect, the statute, §4748 GC, requires a majority vote of all remaining members to fill a vacancy. Mr. Stafford then, upon qualifying, in the most favorable view of his status, was but a de facto member of the Board. He was not legally elected. Thereafter, the Board formally recognized this fact and by motion, duly made and seconded, spread upon its records its determination that the vacancy created by the resignation of Mr. Shank still existed, and later at a meeting, of which all members were duly notified, all remaining members present, three of the four, upon

motion duly made and seconded and upon roll call voted to appoint Mr. Shoup to the vacancy in the Board created by the resignation of Mr. Shank. This action was in strict compliance with the letter of the law and Mr. Shoup was regularly and duly appointed. Thereafter, he took the oath of office and presented himself at the meetings of the Board ready to assume the duties of his office.

It will be observed that the official acts of the members of the Board as appearing in the record; namely, their vote on the acceptance of the resignation of Mr. Shank, the naming of Mr. Stafford, the declaration of an existing vacancy because of failure to comply with the law, and the appointment of Mr. Shoup under the terms of the statute; all clearly appear.

No conduct on the part of the members of the Board, other than the specific action required by the letter of the law could clothe Mr. Stafford with legal title to the office. He could not be made a member of the Board by any other procedure of the members by estoppel, acquiescence or conduct.

In State ex rel Worrell v. Peelle, 124 Ind. 515, which was an action to secure possession of a certain office by an individual whom the Governor of the State had undertaken to appoint, the court say:

"But the contention is urged that even if the appointment was void when made, as Connor thereafter surrendered the office to the appellee, his appointment was there validated. This position cannot be maintained. The appointment being void at its inception, no act of the Governor thereafter could give it validity. It will hardly be expected that we take the time to cite authorities to support so plain a proposition. And it is sufficient to say that if the Governor could not validate his own void act, Connor could not do so for him."

Mr. Stafford clearly comes within the definition of a de facto officer as found in 22 R. C. L. 588,—

"One who has the reputation of being the officer he assumes to be, and yet is not a good officer in point of law."

As further stated in 22 R. C. L. at page 589,—

"It should be noted that the legal doctrine as to de facto officers rests on the principle of protection to the interests of the public and third parties, and not on the rights of rival claimants. The law vali-

dates the acts of de facto officers as to the public and third persons on the ground that, though not officers de jure, they are in fact officers whose **acts** public policy requires should be considered valid."

Thus, any **acts** that Mr. Stafford may have performed during his incumbency under color of title would be validated. But this action is a contest between the respondent, Mr. Shoup, who has title and is an officer de jure and Mr. Stafford, who holds only under color of title and at most is only a de facto officer.

The absence of the clerk of the Board at the time of taking the vote to choose a successor to Mr. Shank could have no material effect on that which was actually done by the Board, which is clearly established in the record and not denied. If the clerk, for reasons sufficient to himself, chose to leave the meeting, the Board had no power to compel him to remain, but in what was done thereafter it is evident that it acted in the regular way and named another to perform the clerical duties required incident to recording the proceedings. The record of the action of a Board is merely evidence of that action and certainly, in the absence of a record, the fact of what was done may be established in any proceeding wherein the materiality of the acts is relevant.

This action is by a duly appointed officer against another who is only a de facto officer. It is the orderly, legal method of determining the rights to the office.

In my judgment the prayer of the petition should be granted.